IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SILVERGATE PHARMACEUTICALS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:19-cv-02100-LPS ) |
| ALKEM LABORATORIES LTD. | ) ) ) |
| Defendants. | ) |

**ANSWER TO PLAINTIFF'S COMPLAINT AGAINST
<u>ALKEM LABORATORIES LTD.</u>**

Defendant Alkem Laboratories LTD. ("Alkem"), by and through its undersigned counsel, respectfully submits this Answer to Plaintiff's Complaint, stating as follows:

**I.    RESPONSE TO ALLEGATIONS PERTAINING TO THE NATURE OF THE ACTION**

1.    This is an action for patent infringement of United States Patent Nos. 9,669,008 ("the '008 patent"), 9,808,442 ("the '442 patent"), 10,039,745 ("the '745 patent"), and 10,154,987 ("the '987 patent") (collectively, the "Patents-in-Suit") under the patent laws of the United States of America, Title 35, United States Code, arising out of the submission by Alkem of Abbreviated New Drug Application ("ANDA") No. 213714 to the United States Food and Drug Administration ("FDA") seeking approval of a generic version of Silvergate's oral solution formulation that is the subject of New Drug Application ("NDA") No. 208686, hereinafter referred to as Silvergate's "Epaned® Product." Silvergate seeks all available relief under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, and other applicable laws for Alkem's infringement of the Patents-in-Suit.

**RESPONSE:** Alkem admits Plaintiff purports to bring an action for alleged infringement of United States Patent Nos. 9,669,008 ("the '008 patent"); 9,808,442 ("the '442 patent"); 10,039,745 ("the '745 patent"); and 10,154,987 ("the '987 patent") (collectively, "the patents-in-suit") under the patent laws of the United States of America, Title 35, United States Code, allegedly arising out of the submission by Alkem of Abbreviated New Drug Application

1

("ANDA") No. 213714 to the U.S. Food and Drug Administration ("FDA") seeking approval to market a drug product that is bioequivalent to Plaintiff's Epaned® product. Alkem denies all allegations of infringement and further denies that Plaintiff is entitled to the relief sought or any relief for the facts alleged. Alkem denies all further allegations in this paragraph. Allegations not expressly admitted are denied.

## II.   RESPONSE TO ALLEGATIONS PERTAINING TO THE PARTIES

 2.   Silvergate is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 6251 Greenwood Plaza Blvd., Suite 101, Greenwood Village, CO 80111.

**RESPONSE:** Alkem is without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and, therefore, denies the same.

 3.   On information and belief, Alkem is an Indian corporation, having a principal place of business at Devashish Building, Alkem House, Senapti Bapat Road, Lower Parel, Mumbai – 400 013, India.

**RESPONSE:** Alkem admits it is an Indian company with a place of business at Devashish Building, Alkem House, Senapti Bapat road, Lower Parel, Mumbai – 400 013, India. Alkem denies all further allegations in this paragraph. Allegations not expressly admitted are denied.

 4.   On information and belief, Alkem is in the business of, among other things, developing, manufacturing, marketing, importing, and selling generic copies of branded pharmaceutical products for the United States market.

**RESPONSE:** Alkem admits its business operations include the development, manufacturing and marketing of drug products for sale in the United States. Alkem admits that among its products are products that are bioequivalent to products approved under New Drug Applications ("NDAs"). Alkem denies all further allegations in this paragraph. Allegations not expressly admitted are denied.

### III.  RESPONSE TO ALLEGATIONS PERTAINING TO JURISDICTION AND VENUE

5.  This action arises under the patent laws of the United States of America, 35 U.S.C. § 100, *et seq.*, and from Alkem's submission of ANDA No. 213714 ("Alkem's ANDA").

**RESPONSE:** Alkem admits Plaintiff purports to bring this action under the patent laws of the United States of America, 35 U.S.C. § 100, *et seq.*, allegedly arising from Alkem's submission of ANDA No. 213714.  Alkem denies all further allegations in this paragraph.  Allegations not expressly admitted are denied.

6.  This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338(a). Relief is sought under 35 U.S.C. § 271(e)(2).

**RESPONSE:** Alkem admits the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Alkem admits Plaintiff purports to seek relief under 35 U.S.C. § 271(e)(2).  Alkem denies Plaintiff is entitled to the relief sought or any relief.  Alkem denies all further allegations in this paragraph.  Allegations not expressly admitted are denied.

7.  On information and belief, this Court has personal jurisdiction over Alkem because of, among other things, Alkem's persistent and continuous contacts with Delaware. Alkem has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. On information and belief, Alkem regularly and continuously transacts business in Delaware, including by directly or indirectly developing, manufacturing, marketing, and selling generic pharmaceutical products in Delaware.  On information and belief, Alkem derives substantial revenue from the sale of those products in Delaware, and has availed itself of the privilege of conducting business within Delaware.  Alkem regularly engaged in patent litigation concerning FDA-approved products in this judicial district, has not contested personal jurisdiction in such litigation in this judicial district, and  has purposefully availed itself of the rights and benefits of this court by asserting claims and/or counterclaims in this Court. *See, e.g., Boehringer Ingelheim Pharms. Inc. et al. v. Alkem Laboratories Ltd.*, C.A. No. 18-1738-CFC, D.I. 15 (D. Del. Jan. 11, 2019); *H. Lundbeck A/S et al. v. Alkem Labs. Ltd. et al.*, C.A. No. 18-89-LPS, D.I. 13 (D. Del. 2018 Apr. 2, 2018); *Biogen International GmbH et al. v. Alkem Labs. Ltd. et al.*, C.A. No. 17-850-LPS, D.I. 12 (D. Del. Oct. 16, 2017).

**RESPONSE:** Solely for the purpose of this litigation, Alkem does not seek to challenge the Court's exercise of personal jurisdiction and, therefore, admits the Court has personal jurisdiction over Alkem for the purpose of this litigation. Alkem denies all further allegations in this paragraph. Allegations not expressly admitted are denied.

    8.    On information and belief, this judicial district is a likely destination of the product that is the subject of Alkem's ANDA.

**RESPONSE:** Denied.

    9.    Alternatively, this Court has personal jurisdiction over Alkem pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Silvergate's claims arise under federal law; (b) Alkem is a foreign defendant not subject to personal jurisdiction in the courts of any state; and (c) Alkem has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDA No. 213714 to FDA and/or manufacturing, importing, offering to sell, and/or selling generic pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Alkem satisfies due process.

**RESPONSE:** Solely for the purpose of this litigation, Alkem does not seek to challenge the Court's exercise of personal jurisdiction. Alkem denies all further allegations in this paragraph. Allegations not expressly admitted are denied.

    10.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**RESPONSE:** Solely for the purpose of this litigation, Alkem does not challenge venue. Alkem denies all further allegations in this paragraph. Allegations not expressly admitted are denied.

### IV. RESPONSE TO ALLEGATIONS PERTAINING TO PLAINTIFF'S EPANED® PRODUCT

    11.    Silvergate's Epaned® Product is the only FDA approved and labeled ace inhibitor treatment that is a ready-to-use oral solution for hypertension in children. Epaned® is also indicated to treat hypertension in adults, heart failure,

and asymptomatic left ventricular dysfunction.

**RESPONSE:** Alkem is without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

12. Silvergate holds approved NDA No. 208686 for its Epaned® Product.

**RESPONSE:** Alkem is without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

### V. RESPONSE TO ALLEGATIONS PERTAINING TO THE PATENTS-IN-SUIT

13. The '008 patent, entitled "Enalapril Formulations," issued to Gerold Mosher and David Miles on June 6, 2017. A true and correct copy of the '008 patent is attached to this Complaint as Exhibit A.

**RESPONSE:** Alkem admits Exhibit A appears to be a copy of the '008 patent, which is the best evidence of its contents. Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, on that basis, denies them.

14. The '008 patent was duly and legally issued to Silvergate as the assignee and Silvergate owns all rights, title, and interest in the '008 patent.

**RESPONSE:** Alkem denies the '008 patent was duly and legally issued. Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, on that basis, denies them.

15. Pursuant to 21 U.S.C. § 355, the '008 patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") in connection with Silvergate's Epaned® Product.

**RESPONSE:** Alkem admits the '008 patent is listed in the FDA's publication "Approved Drug Products with Therapeutic Equivalence Evaluations," which is commonly referred to as the "Orange Book," in connection with Epaned®. Alkem denies all further allegations in this paragraph. Allegations not expressly admitted

are denied.

16. Silvergate's Epaned® Product is covered by at least one claim of the '008 patent.

**RESPONSE:** Alkem is without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

17. The '442 patent, entitled "Enalapril Formulations," issued to Gerold Mosher and David Miles on November 7, 2017. A true and correct copy of the '442 patent is attached to this Complaint as Exhibit B.

**RESPONSE:** Alkem admits Exhibit B appears to be a copy of the '442 patent, which is the best evidence of its contents. Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, on that basis, denies them.

18. The '442 patent was duly and legally issued to Silvergate as the assignee and Silvergate owns all rights, title, and interest in the '442 patent.

**RESPONSE:** Alkem denies the '442 patent was duly and legally issued. Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, on that basis, denies them.

19. Pursuant to 21 U.S.C. § 355, the '442 patent is listed in the Orange Book in connection with Silvergate's Epaned® Product.

**RESPONSE:** Alkem admits the '442 patent is listed in the Orange Book FDA's publication "Approved Drug Products with Therapeutic Equivalence Evaluations," which is commonly referred to as the "Orange Book," in connection with Epaned®. Alkem denies all further allegations in this paragraph. Allegations not expressly admitted are denied.

20. The use of Silvergate's Epaned® Product is covered by at least one claim of the '442 patent.

6

**RESPONSE:** Alkem is without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

21.     The approved indications for Silvergate's Epaned® Product are covered by at least one claim of the '442 patent.

**RESPONSE:** Alkem is without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

22.     The '745 patent, entitled "Enalapril Formulations," issued to Gerold Mosher and David Miles on August 7, 2018. A true and correct copy of the '745 patent is attached to this Complaint as Exhibit C.

**RESPONSE:** Alkem admits Exhibit C appears to be a copy of the '745 patent, which is the best evidence of its contents.  Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, on that basis, denies them.

23.     The '745 patent was duly and legally issued to Silvergate as the assignee and Silvergate owns all rights, title, and interest in the '745 patent.

**RESPONSE:** Alkem denies the '745 patent was duly and legally issued.  Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, on that basis, denies them.

24.     Pursuant to 21 U.S.C. § 355, the '745 patent is listed in the Orange Book in connection with Silvergate's Epaned® Product.

**RESPONSE:** Alkem admits the '745 patent is listed in the FDA's publication "Approved Drug Products with Therapeutic Equivalence Evaluations," which is commonly referred to as the "Orange Book," in connection with Epaned®. Alkem denies all further allegations in this paragraph.  Allegations not expressly admitted are denied.

25.     Silvergate's Epaned® Product is covered by at least one claim of the '745

patent.

**RESPONSE:** Alkem is without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

26. The '987 patent, entitled "Enalapril Formulations," issued to Gerold Mosher and David Miles on December 18, 2018. A true and correct copy of the '987 patent is attached to this Complaint as Exhibit D.

**RESPONSE:** Alkem admits Exhibit D appears to be a copy of the '987 patent, which is the best evidence of its contents. Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, on that basis, denies them.

27. The '987 patent was duly and legally issued to Silvergate as the assignee and Silvergate owns all rights, title, and interest in the '987 patent.

**RESPONSE:** Alkem denies the '987 patent was duly and legally issued. Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, on that basis, denies them.

28. Pursuant to 21 U.S.C. § 355, the '987 patent is listed in the Orange Book in connection with Silvergate's Epaned® Product.

**RESPONSE:** Alkem admits the '987 patent is listed in the FDA's publication "Approved Drug Products with Therapeutic Equivalence Evaluations," which is commonly referred to as the "Orange Book," in connection with Epaned®. Alkem denies all further allegations in this paragraph. Allegations not expressly admitted are denied.

29. The use of Silvergate's Epaned® Product is covered by at least one claim of the '987 patent.

**RESPONSE:** Alkem is without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

8

> 30. The approved indications for Silvergate's Epaned® Product are covered by at least one claim of the '987 patent.

**RESPONSE:** Alkem is without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies the same.

### VI. RESPONSE TO ALLEGATIONS PERTAINING TO ALLEGED "INFRINGEMENT BY ALKEM"

> 31. By letter dated September 23, 2019 ("Notice Letter"), and received by Silvergate on September 25, 2019, Alkem notified Silvergate that it had submitted ANDA No. 213714 to FDA under Section 505(j)(2)(B) of the Federal Food, Drug, and Cosmetic Act ("FDCA") (21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95) seeking approval to engage in the commercial manufacture, use, and sale of a generic version of Silvergate's Epaned® Product ("the Alkem ANDA Product") before the expiration of the Patents-in-Suit.

**RESPONSE:** Alkem admits notifying Slivergate by letter dated September 23, 2019, that Alkem had submitted ANDA No. 213714 to FDA under Section 505(j)(2)(B) of the Federal Food, Drug, and Cosmetic Act ("FDCA") (21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95) seeking FDA approval for a drug product that is bioequivalent to Silvergate's Epaned® product. Alkem is without knowledge or information sufficient to form a belief as to the truth of the date of Silvergate's receipt of the notice and, therefore, on that basis, denies the allegation. Alkem denies all further allegations in this paragraph. Allegations not expressly admitted are denied.

> 32. On information and belief, Alkem intends to engage in commercial manufacture, use, and sale of the Alkem ANDA Product promptly upon receiving FDA approval to do so.

**RESPONSE:** Denied, though Alkem reserves all rights it may exercise following receipt of regulatory approval.

> 33. By submitting ANDA No. 213714, Alkem has represented to FDA that the Alkem ANDA Product has the same active ingredients as Silvergate's Epaned® Product; has the same route of administration, dosage form, use, and

9

strength as Silvergate's Epaned® Product; and is bioequivalent to Silvergate's Epaned® Product.

**RESPONSE:** Denied.

34. This action is being filed within forty-five (45) days of Silvergate's receipt of Alkem's Notice Letter.

**RESPONSE:** Upon information and belief, admitted.

VII. <u>**RESPONSE TO "CLAIMS FOR RELIEF"**</u>

**Response to Count I, Alleged Infringement of the '008 Patent**

35. Silvergate incorporates each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:** Alkem incorporates each response to the allegations in the preceding paragraphs as if fully set forth herein.

36. Alkem submitted ANDA No. 213714 to FDA under section 505(j) of the FDCA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alkem ANDA Product throughout the United States before the expiration of the '008 patent. By submitting the ANDA, Alkem has committed an act of infringement of one or more claims of the '008 patent under 35 U.S.C. § 271(e).

**RESPONSE:** Denied.

37. If Alkem's ANDA is approved by FDA, the commercial manufacture, use, offer to sell, or sale within the United States, and/or importation into the United States of the Alkem ANDA Product will constitute acts of infringement of the '008 patent under 35 U.S.C. § 271(a)-(c) unless enjoined by the Court.

**RESPONSE:** Denied.

38. On information and belief, Alkem had actual and constructive knowledge of the '008 patent prior to submitting ANDA No. 213714 and was aware that submission of this ANDA to FDA constituted an act of infringement of the '008 patent. In addition, on information and belief, Alkem had specific intent to infringe the '008 patent when it filed ANDA No. 213714. Moreover, there are no substantial non-infringing uses for the Alkem ANDA Product other than as the pharmaceutical claimed in the '008 patent.

**RESPONSE:** Denied.

39. The commercial manufacture, use, offer for sale, sale, and/or importation of the Alkem ANDA Product in violation of Silvergate's patent rights will cause substantial and irreparable harm to Silvergate for which damages are inadequate.

**RESPONSE:** Denied.

### Response to Count II, Alleged Infringement of the '442 Patent

40. Silvergate incorporates each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:** Alkem incorporates each response to the allegations in the preceding

paragraphs as if fully set forth herein.

41. Alkem submitted ANDA No. 213714 to FDA under section 505(j) of the FDCA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alkem ANDA Product throughout the United States before the expiration of the '442 patent. By submitting the ANDA, Alkem has committed an act of infringement of one or more claims of the '442 patent under 35 U.S.C. § 271(e).

**RESPONSE:** Denied.

42. If Alkem's ANDA is approved by FDA, the commercial use, offer to sell, or sale within the United States, and/or importation into the United States of the Alkem ANDA Product will constitute acts of infringement of the '442 patent under 35 U.S.C. § 271(a)-(c) unless enjoined by the Court.

**RESPONSE:** Denied.

43. On information and belief, Alkem had actual and constructive knowledge of the '442 patent prior to submitting ANDA No. 213714 and was aware that submission of this ANDA to FDA constituted an act of infringement of the '442 patent. In addition, on information andbelief, Alkem had specific intent to infringe the '442 patent when it filed ANDA No. 213714. Moreover, there are no substantial non-infringing uses for the Alkem ANDA Product other than the methods claimed in the '442 patent.

**RESPONSE:** Denied.

44. The commercial use, offer for sale, sale, and/or importation of the Alkem ANDA Product in violation of Silvergate's patent rights will cause substantial and irreparable harm to Silvergate for which damages are inadequate.

**RESPONSE:** Denied.

### Response to Count III, Alleged Infringement of the '745 Patent

45. Silvergate incorporates each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:** Alkem incorporates each response to the allegations in the preceding paragraphs as if fully set forth herein.

46. Alkem submitted ANDA No. 213714 to FDA under section 505(j) of the FDCA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alkem ANDA Product throughout the United States before the expiration of the '745 patent. By submitting the ANDA, Alkem has committed an act of infringement of one or more claims of the '745 patent under 35 U.S.C. § 271(e).

**RESPONSE:** Denied.

47. If Alkem's ANDA is approved by FDA, the commercial manufacture, use, offer to sell, or sale within the United States, and/or importation into the United States of the Alkem ANDA Product will constitute acts of infringement of the '745 patent under 35 U.S.C. § 271(a)-(c) unless enjoined by the Court.

**RESPONSE:** Denied.

48. On information and belief, Alkem had actual and constructive knowledge of the '745 patent prior to submitting ANDA No. 213714 and was aware that submission of this ANDA to FDA constituted an act of infringement of the '745 patent. In addition, on information and belief, Alkem had specific intent to infringe the '745 patent when it filed ANDA No. 213714. Moreover, there are no substantial non-infringing uses for the Alkem ANDA Product other than as the pharmaceutical claimed in the '745 patent.

**RESPONSE:** Denied.

49. The commercial manufacture, use, offer for sale, sale, and/or importation of the Alkem ANDA Product in violation of Silvergate's patent rights will cause substantial and irreparable harm to Silvergate for which damages are inadequate.

**RESPONSE:** Denied.

## Response to Count IV, Alleged Infringement of the '987 Patent

50. Silvergate incorporates each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:** Alkem incorporates each response to the allegations in the preceding paragraphs as if fully set forth herein.

51. Alkem submitted ANDA No. 213714 to FDA under section 505(j) of the FDCA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alkem ANDA Product throughout the United States before the expiration of the '987 patent. By submitting the ANDA, Alkem has committed an act of infringement of one or more claims of the '987 patent under 35 U.S.C. § 271(e).

**RESPONSE:** Denied.

52. If Alkem's ANDA is approved by FDA, the commercial use, offer to sell, or sale within the United States, and/or importation into the United States of the Alkem ANDA Product will constitute acts of infringement of the '987 patent under 35 U.S.C. § 271(a)-(c) unless enjoined by the Court.

**RESPONSE:** Denied.

53. On information and belief, Alkem had actual and constructive knowledge of the '987 patent prior to submitting ANDA No. 213714 and was aware that submission of this ANDA to FDA constituted an act of infringement of the '987 patent. In addition, on information and belief, Alkem had specific intent to infringe the '987 patent when it filed ANDA No. 213714. Moreover, there are no substantial non-infringing uses for the Alkem ANDA Product other than the methods claimed in the '987 patent.

**RESPONSE:** Denied.

54. The commercial use, offer for sale, sale, and/or importation of the Alkem ANDA Product in violation of Silvergate's patent rights will cause substantial and irreparable harm to Silvergate for which damages are inadequate.

**RESPONSE:** Denied.

## GENERAL DENIAL AND RESPONSE TO PLAINTIFF'S REQUEST FOR RELIEF

All allegation in Plaintiffs' Complaint not expressly admitted by Alkem are hereby denied.

Having answered Plaintiffs' complaint, Alkem denies Plaintiffs are entitled to any of the relief

13

requested in the Complaint or any relief whatsoever.

## SEPARATE DEFENSES

Without prejudice to the denials set forth in its Answer to the Complaint, and without admitting any allegations of the Complaint not expressly admitted, Alkem asserts the following separate defenses to the Complaint without assuming the burden of proof on any such defense that would otherwise rest on Plaintiffs.

## FIRST SEPARATE DEFENSE

The manufacture, use, or sale, offer for sale, or importation of the products that are the subject of Alkem's ANDA No. 213714 has not infringed, does not infringe, and would not, if marketed, manufactured, used, sold, offered for sale, or imported into the United States, infringe any valid or enforceable claim of the patents-in-suit, either directly or indirectly.

## SECOND SEPARATE DEFENSE

Each of the claims of each of the patents-in-suit is invalid for failure to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code or for satisfying other bases (including judicially-created bases) for invalidation or unenforceability.

## THIRD SEPARATE DEFENSE

Each of the claims of each of the patents-in-suit is invalid as anticipated or obvious, pursuant to 35 U.S.C. § 112, for example, indefiniteness, lack of enablement and/or written description.

## FOURTH SEPARATE DEFENSE

By virtue of the prosecution proceedings before the United States Patent and Trademark Office of the patent applications leading to the patents-in-suit, Plaintiffs are estopped from maintaining that any valid or enforceable claim of the patents-in-suit is infringed by the product

that is the subject of Alkem's ANDA No. 213714.

## **FIFTH SEPARATE DEFENSE**

Plaintiffs have failed to state a claim upon which relief can be granted.

## **SIXTH SEPARATE DEFENSE**

Any and all additional defenses and counterclaims that discovery may reveal.

WHEREFORE, Aurobindo hereby demands judgment in its favor based on a finding of non-infringement and/or invalidity and/or unenforceability of the patents-in-suit, an award of all costs and fees incurred in defense of this Action and for such other relief as the Court may deem just and proper.

Dated: February 20, 2020

Of Counsel:
Timothy H. Kratz, Esquire
George J. Barry III, Esquire
KRATZ & BARRY, LLP
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA  30338
tkratz@kratzandbarry.com
gbarry@kratzandbarry.com
(404) 431.6600

   /s/ Kenneth L. Dorsney
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801-1494
(302) 888.6800
kdorsney@morrisjames.com

*Attorneys for Defendant*
*Alkem Laboratories LTD.*

15