IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AZURITY PHARMACEUTICALS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No.  19-2100 (MSG) |
| ALKEM LABORATORIES LTD., | ) ) ) | REDACTED - PUBLIC VERSION |
| Defendant. | ) | |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
FROM MEGAN E. DELLINGER REGARDING DISCOVERY DISPUTE**

OF COUNSEL:

Wendy L. Devine
Kristina M. Hanson
Jody Karol
Nicholas Halkowski
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA  94105
(415) 947-2000

Natalie J. Morgan
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real, Suite 200
San Diego, CA  92130-3002
(858) 350-2300

Ty W. Callahan
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street, Suite 1550
Los Angeles, CA  90071
(323) 210-2900

Originally Filed:  May 16, 2022
Redacted Version Filed:  May 23, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiff Azurity
Pharmaceuticals, Inc.*

Dear Judge Burke:

Azurity Pharmaceuticals, Inc. ("Azurity") respectfully request relief from the severe prejudice caused by Defendant Alkem Laboratories, Ltd.'s ("Alkem") belated and improper disclosures in Alkem's responsive expert report (the "Rabinow Report") (Ex. B), in violation of the Court's Scheduling Order and previous discovery order.

Trial is scheduled to proceed in August 2022. On April 13, 2022, the Parties served expert reports on issues for which they respectively bear the burden of proof—*i.e.*, Azurity served reports regarding infringement; Alkem served reports regarding invalidity. On Friday, May 6, the Parties served responsive expert reports. Several portions of the Rabinow Report should be stricken for the following reasons:

- The Rabinow Report contains opinions regarding anticipation, utility, and obviousness that were not disclosed in Alkem's "invalidity" expert report, nor anywhere in Alkem's invalidity contentions served during fact discovery;

- The Rabinow Report contains a new claim construction argument that was not disclosed during the Court's already-concluded *Markman* proceedings; or

- Even if any of the above positions are deemed a noninfringement position, none were disclosed in Alkem's noninfringement contentions served during fact discovery as required by the Scheduling Order and this Court's November 8, 2021 Oral Order. D.I. 83; Nov. 8, 202 Tr. at 34:16-23 (Ex. C).

Trial is less than three months away. Alkem's attempt to ambush Azurity with undisclosed defenses has inflicted severe prejudice on Azurity. Thus, Azurity respectfully requests that Your Honor should strike the portions of the Rabinow Report listed in Exhibit A (*see* attached Proposed Order, Ex. 1).

**Alkem Attempts to Mischaracterize Its Newly Manufactured Anticipation Defense As a Noninfringement Defense**

Alkem injects a new anticipation defense in the guise of a "noninfringement" position based on REDACTED that Alkem failed to identify in any invalidity contention served during fact discovery <u>and</u> failed to identify in its opening round invalidity report. Alkem attempts to mischaracterize its previously undisclosed anticipation defense as a "noninfringement" position. Two excerpts from the Rabinow Report that discuss REDACTED illustrate the issue:

- 

Even if the above content were accepted as a true noninfringement position (it should not be), Alkem also failed to disclose REDACTED in any of its noninfringement contentions. The Court previously compelled Alkem to serve complete noninfringement contentions and warned Alkem that any undisclosed noninfringement positions may be stricken. Ex. C at 35:19-36:13. As shown by the Rabinow Report, Alkem failed to heed the Court's warning. Each of the paragraphs relating

The Honorable Christopher J. Burke
May 16, 2022
Page 2

to Dr. Rabinow's opinion that REDACTED should be stricken—including Ex. B, paragraphs 6 at bullets 5 & 6, 70-78, 106-113, 143.[1]

### The Rabinow Report Includes Additional Previously Undisclosed Invalidity Positions

The Rabinow Report also contains two additional previously undisclosed invalidity opinions: (1) opinions relating to patent utility and enablement (¶¶ 6, 39-45, 81-105, 137-142, 144); and (2) opinions relating to obviousness such as the state-of-the-art at the time of the invention and motivation to combine (¶¶ 31-38). These invalidity opinions are improper for several reasons. *First*, Alkem ignored the Scheduling Order's deadlines for expert disclosures.[2] Alkem has already served its expert report regarding invalidity, and Azurity has already responded to it. Azurity will be prejudiced if it is forced to respond to additional untimely invalidity positions submitted by a second expert in a second, later-served report. Critically, the Scheduling Order mandates that "[n]o other expert reports will be permitted without either the consent of all parties or leave of the Court." D.I. 15, ¶7(g)(i). Alkem failed to obtain either leave or consent, but nonetheless included clearly inappropriate content in the Rabinow Report. *Second*, the new invalidity opinions were not disclosed in Alkem's invalidity contentions. Ex. C at 35:19-36:13. *Third*, Alkem cannot avoid its burden to prove invalidity by clear and convincing evidence by mischaracterizing invalidity defenses as noninfringement defenses. *See Zenith Elecs., Corp.*, 522 F.3d at 1363. Each of Alkem's new invalidity positions is improper and should be stricken.

### The Rabinow Report Attempts to Raise New and Previously Undisclosed Markman Issues

The Rabinow Report attempts to identify a previously undisclosed claim construction issue. Alkem now contends (via Dr. Rabinow) that the scope of the asserted claims excludes formulations containing both parabens and sugar alcohols—despite the fact that those two components are within the literal scope of the asserted claims. Setting aside the utter lack of merit for Alkem's position, the Court's claim construction process has been closed for many months. The Court issued a *Markman* ruling after extensive briefing and a hearing. D.I. 98. Despite the Court's Order requiring the Parties to identify all claim terms for construction no later than May 13, 2021 (D.I. 37 at 2), Alkem never identified its newfound *Markman* issue for consideration. Alkem cannot now ambush Azurity with *Markman* issues that it should have disclosed over a year ago. For these reasons, paragraphs 6 at bullets 2 & 3, 39-45, 81-101, 102-105, 137-142, 144 should be stricken. As discussed further below, no other relief will adequately address the prejudice to Azurity.

---

[1] Alkem's attempt to assert a "we practice the prior art" defense should also be stricken because such defenses have long been held inappropriate. "[A]ccused infringers are not free to flout the requirement of proving invalidity by clear and convincing evidence by asserting a 'practicing prior art' defense to literal infringement under the less stringent preponderance of the evidence standard." *Zenith Elecs. Corp. v. PDI Commc'n Sys.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008) (citation omitted).

[2] In the Scheduling Order, the Parties agreed to (and the Court ordered) a three-round process for the service of expert reports. In the first round, the Parties agreed to submit reports on issues on which they bear the burden of proof (in Alkem's case, invalidity). In the second round, the Parties agreed to submit reports responding to the first-round reports (in Alkem's case, noninfringement). D.I. 15, ¶7(g)(i).

The Honorable Christopher J. Burke
May 16, 2022
Page 3

**Each Factor in *Meyers v. Pennypack Woods Home Ownership Association*, 559 F.2d 894, 904-05 (3d Cir. 1977) Favors Striking Improper Content from the Rabinow Report**

<u>Azurity would experience severe prejudice in the absence of an order striking portions of the Rabinow Report</u>.  Because Azurity had no prior notice of the undisclosed noninfringement, invalidity, and claim construction theories, Azurity had no reason to "take discovery, investigate, or include [these] topic[s] in discussions with its own experts." *AstraZeneca AB v. Mutual Pharm. Co., Inc.*, 278 F. Supp. 2d 491, 507 (E.D. Penn. 2003). Moreover, Alkem agreed in the Scheduling Order to submit its invalidity report on April 13.  D.I. 15, ¶7(g)(i); D.I. 129.  Submitting undisclosed, additional invalidity arguments through a second expert under the guise of "noninfringement" forces Azurity to scramble to consider and respond to these new opinions, drives up expenses, frustrates the entire purpose of the Scheduling Order, and improperly shifts the burden to Azurity to disprove Alkem's newly manufactured invalidity theories.  Reopening claim construction would likewise waste Court and Azurity resources—especially in the absence of good cause.

<u>The prejudice to Azurity cannot be cured, and any attempt to do so would disrupt the orderly and efficient presentation of the case.</u>  For three reasons, any procedure that could cure Azurity's prejudice would "not only reward Defendant's multiple violations of pretrial procedures, but would also not be fair to Plaintiffs, and would, further, seriously delay any resolution of this litigation." *AstraZeneca*, 278 F. Supp. at 507.  *First*, because fact discovery is closed and expert discovery is nearly closed, Azurity cannot investigate Alkem's new noninfringement, invalidity, and claim construction theories unless the Court re-opens both claim construction and fact discovery, while suspending expert discovery.  This would delay trial and cause Azurity to incur significant and needless expense. *Second*, trial is scheduled to begin in three months.  Even if Azurity could investigate Alkem's new defenses and submit a supplemental report, Azurity's ability to properly and diligently prepare for trial would be compromised.  *Third*, supplemental claim construction will not cure any prejudice because Azurity conducted fact and expert discovery in reliance upon the Court's prior constructions.  Supplemental claim construction would delay trial and at a minimum necessitate revising infringement and validity contentions and supplementing expert reports at significant cost and delay to Azurity.

<u>The evidence is not crucial or important such that exclusion would cripple Alkem's case</u>.  The exclusion of the improper opinions in the Rabinow Report would not "cripple" Alkem's case, favoring exclusion. *Bridgestone Sports Co. Ltd. v. Acushnet Co.*, No. 05-132-JJF, 2007 WL 521894, at *4-5 (D. Del. Feb. 15, 2007). Azurity does not seek to strike the portions of the Rabinow Report that were properly disclosed.  Also, Azurity does not seek to strike any portion of Alkem's opening report on validity, which was timely served and authored by a different expert.

<u>Alkem's pattern of violating the Court's discovery rulings and Scheduling Orders demonstrates bad faith</u>.  Alkem's refusal to abide by the Court's Scheduling Order and discovery rulings warrants relief. *AstraZeneca*, 278 F.Supp. 2d at 508 ("To permit Defendant to introduce such a contention, when Defendant has offered no bona fide excuse for its dilatory conduct, would be to simply ignore the pre-trial scheduling orders[.]"). It is notable that Alkem very easily could have complied with the Court's orders on numerous occasions but chose not to do so.  Alkem's repeated misconduct severely prejudices Azurity without any way to cure that will not delay trial.

Alkem's attempt to ambush Azurity is severely prejudicial and warrants relief.  The impermissible content in the Rabinow Report summarized in Exhibit A should be stricken.

The Honorable Christopher J. Burke
May 16, 2022
Page 4

                                            Respectfully,

                                            */s/ Megan E. Dellinger*

                                            Megan E. Dellinger (#5739)

MED/bac
Attachments

cc:      All Counsel of Record (via electronic mail; w/attachments)

# EXHIBIT A

## **EXHIBIT A**

| Reason Content is Defective | Paragraph Numbers |
|---|---|
| Previously Undisclosed Opinions | 6 at bullets 1, 3, 5, & 6 <br> 31-45 <br> 70-78 <br> 81-113 <br> 137-144 |
| Obviousness/Motivation Arguments | 31-38 |
| Anticipation Arguments | 6 at bullets 5 & 6 <br> 70-78 <br> 106-113 <br> 143 |
| Utility/Enablement Argument | 6 at bullet 1 <br> 39-45 <br> 81-101 <br> 102-105 <br> 137-142 <br> 144 |
| Improper Attempt to Redefine Claim Scope | 6 at bullets 2 & 3 <br> 39-45 <br> 81-101 <br> 102-105 <br> 137-142 <br> 144 |

# EXHIBIT B

## FULLY REDACTED

# EXHIBIT C

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Azurity Pharmaceuticals, )
Inc., )
             )
         Plaintiff, )
             )C.A. No:
v.           )19-2100(LPS)(CJB)
             )
Alkem Laboratories, Ltd., )
             )
         Defendant. )

United States District Court
844 King Street
Wilmington, Delaware

Teleconference
Monday, November 8, 2021
1:00 p.m.

BEFORE:   THE HONORABLE CHRISTOPHER J. BURKE
          United States District Court Judge

APPEARANCES:

  MEGAN E. DELINGER, ESQ.
   MORRIS NICHOLS ARSHT & TUNNEL
       and
  T.O. KONG, ESQ.
  NICHOLAS HALKOWSKI, ESQ.
   WILSON SONSINI GOODRICH & ROSATI
    For Plaintiff

  CORTLAN HITCH, ESQ.
   MORRIS JAMES, LLP
       and
  TIMOTHY H. KRATZ, ESQ.
   KRATZ & BARRY
    For Defendant

Hawkins Reporting Service
855 Arthursville Road, Hartly, Delaware  19953
(302)658-6697 - EMAIL: DaleHRS@aol.com

---

2

1  THE COURT: Good afternoon,
2  everybody. It's Judge Burke here. And,
3  before we begin, let me say a few things
4  for the record. We're here this afternoon
5  for a discovery dispute teleconference in
6  the matter of Azurity Pharmaceuticals,
7  Inc. v. Alkem Labs Ltd.; it's Civil Action
8  No. 19-2100-LP-CJB here in our court.
9       Sorry I'm a little late. I'm
10 coming from a discovery dispute. And I
11 should let the parties know I have another
12 one at 2, so I have an hour or so on this
13 one.
14      Before we go further, let me
15 just ask counsel to identify themselves
16 for the record. We'll start first with
17 counsel for the Plaintiff's side and we'll
18 begin with Delaware counsel.
19      MS. DELINGER: Yes. Good
20 afternoon, Your Honor. This is Megan
21 Delinger from Morris Nichols on behalf of
22 the Plaintiff. I'm joined by my
23 co-counsel from Wilson Sonsini, T.O. Kong
24 and Nick Halkowski. And Mr. Halkowski

Hawkins Reporting Service
855 Arthursville Road, Hartly, Delaware  19953
(302)658-6697 - EMAIL: DaleHRS@aol.com

---

3

1  will be handling the argument on behalf of
2  the Plaintiff this afternoon.
3       THE COURT: Okay. Great.
4  Thank you. And let's do the same for
5  counsel on Defendant's side, and, again,
6  we'll begin with Delaware counsel.
7       MR. HITCH: Good afternoon,
8  Your Honor. On behalf of Alkem, it's
9  Cortlan Hitch from Morris James. And with
10 me on the line is Tim Kratz from Kratz &
11 Barry. Mr. Kratz will be handling the
12 arguments for Alkem today.
13      THE COURT: Okay. Great.
14 Thank you. All right. So it's
15 Plaintiff's motion, so I'll turn to
16 Plaintiff's counsel, Mr. Halkowski. But
17 just to set it up, there's one issue,
18 which is Plaintiff's asking for -- well,
19 two things. I guess there's really maybe
20 two issues. One is the Plaintiffs asking
21 for further supplemental response to it's
22 Interrogatory No. 5 with regard to seeking
23 the non-infringement contention from the
24 Defendant's side, to the extent there are

Hawkins Reporting Service
855 Arthursville Road, Hartly, Delaware  19953
(302)658-6697 - EMAIL: DaleHRS@aol.com

---

4

1  any.
2       And it's asking me to order
3  that if Defendant's side isn't prepared to
4  put forward a non-infringement position
5  related to claim construction position
6  that I order Alkem to stipulate to
7  infringement with regard to certain
8  limitations.
9       And so, Mr. Halkowski, let me
10 just ask about the second part first. To
11 the extent today we talk about whether or
12 not, you know, does Defendant have some
13 other non-infringement position besides
14 the positions that it listed in its most
15 recent supplemental response, you know,
16 we'll talk about it; maybe they'll tell me
17 that they do or maybe they'll tell me
18 depends on what happens in the claim
19 construction or they'll tell me at this
20 time they don't or whatever.
21      But regardless of how we deal
22 with that issue and whether they'll
23 require to further supplement, why would
24 it make sense that I be ordering them to

Hawkins Reporting Service
855 Arthursville Road, Hartly, Delaware  19953
(302)658-6697 - EMAIL: DaleHRS@aol.com

29

1 different situation.
2     And the other cases Alkem
3 cites, they are kind of outstanding
4 situations. One has to do with motion to
5 strike expert declaration. Obviously
6 that's a very, you know, harsh measure.
7 And the judge in that case reluctantly did
8 not grant a motion to strike. But we're
9 bringing this up early and we'd like
10 resolution so it doesn't come to that.
11     THE COURT: Okay. Fair
12 enough. Counsel, I'm going to give you my
13 decision here with regard to Plaintiff's
14 request. And so the substance of the
15 Court's decision will be reflected in the
16 transcript of today's hearing.
17     First, with regard to the
18 Plaintiff's request that in some way today
19 I order that Alkem must stipulate to
20 infringement with regard to certain
21 limitations, I'm not prepared to do that.
22 I don't believe this is the appropriate
23 time in the case for me to order that a
24 party stipulate to its final position on a

30

1 liability issue with regard to certain
2 limitations in the claims.
3     There may be a point at some
4 later stage in the patent case where in
5 light of where it's gone before it is
6 sufficiently clear that there can be no
7 possible argument as to non-infringement.
8 And that perhaps, in those circumstances,
9 a requirement to stipulate could be
10 appropriate.
11     But I certainly wouldn't be
12 ordering that at this kind of middle stage
13 of the case where we haven't passed the
14 completion of the claim construction
15 process in where it may well be possible
16 that Defendant has a view about
17 non-infringement as to those provisions or
18 where subsequent cases as could, for the
19 first time, make it clear to Defendant
20 that it has a non-infringement position
21 with regard to those limitations.
22     So I'm not going to order
23 Defendant to stipulate to infringement
24 today.

31

1     As to the other requests,
2 which is that Defendant be required to
3 further supplement its response to
4 Interrogatory No. 5 and fully disclose its
5 non-infringement position, I'll grant that
6 request as follows. And that is that no
7 later than two weeks from today's date
8 I'll order that the Defendant further
9 supplement its response to Interrogatory
10 No. 5. To the extent that based on the
11 information in its possession and its
12 understanding of the views -- I'm sorry.
13 Let me start again.
14     I'll order that it supplement
15 its response to Interrogatory No. 5, no
16 later than two weeks from today's date.
17 To the extent that as of that date, based
18 on the Defendant's understanding of the
19 facts of record and based on the
20 Defendant's understanding of the claim
21 limitations at issue in the asserted
22 claims and what those claim limitations
23 mean, that it at that time believes it has
24 a non-infringement position with regard to

32

1 the asserted claims that it has not
2 currently articulated in its current
3 answer to Interrogatory No. 5. Not
4 ordering the Defendant provide additional
5 at non-infringement positions. I guess it
6 is possible that they may simply have no
7 other non-infringement positions based on
8 their understanding of the record and
9 their understanding of what the claim
10 terms mean as of two weeks from today.
11     But to the extent that they
12 do, they need to say what those are in
13 that supplemental response. To the extent
14 they have no further non-infringement
15 positions, they can simply advise
16 Plaintiff that they are not going to be
17 supplementing as of that date.
18     I reject Defendant's argument
19 to the extent that it's made in its letter
20 that in some way it's too premature for it
21 to be required to state its
22 noninfringement positions that it
23 reasonably has as of a given date during
24 fact discovery simply because we haven't

33

hit expert discovery or simply because no expert reports have been submitted.

We have a circumstance where the Plaintiff, albeit with the burden of proof, has put forward robust infringement contentions. It's asked the contention interrogatory about a legal issue that is very much at issue in the case.

It is certainly possible for a defendant in these shoes to have a view, a considered view about whether they don't infringe, and, if so, why. And to articulate that as this stage of the case, as the Defendant has done with regard to the parabens issue.

The fact that we haven't yet had a final claim construction order from the district court doesn't mean that the request is premature. Because, of course, the Defendant can easily have a view about what the claim terms do mean that the district court may agree with or disagree with. But, at the current time, hasn't disagreed with.

34

And if it's the defendant's view that's what the terms mean and if the defendant's view is that the terms mean that, they don't infringe, they should say that in response to a contention interrogatory.

If this wasn't the way it worked, parties would be in the dark as to the other side's position on key liability issues in the case until expert discovery hit. And it just wouldn't make any sense. The whole point of fact discovery is to flesh out the parties evidence with regard to the key legal issues in the case, and you have to know what those issues are.

So it's all to say that I'll grant in part the Plaintiff's motion by no later than two weeks from today's date. To the extent that the Defendant has any additional non-infringement positions, in light of the way I described that, it should so state by way of a supplemental response to the interrogatory.

If the Defendant does not have

35

any further non-infringement positions as of that time, it can state that in a letter to the Plaintiff's side.

I guess the last thing I'll say is, look, if ultimately in this case down the line at the expert stage the Defendant ends up putting forward three non-infringement positions let's say, the parabens position and then two others, it seems possible to me that the Defendant might not have had a record at this stage to be able to make the argument that they didn't infringe for reasons two and three.

And then only further evidence uncovered or further development in the case made those non-infringement positions (unintelligible), that's why they got addressed later.

But it does also seem very possible to me that Defendant might well have a basis to believe they don't infringe right now, based on their views of the record and their views about what the claim terms mean. And if it comes out

36

that they knew enough to be able to state that position now but didn't and then they stated at the eleventh hour, right before expert discovery, they do stand the risk of having that non-infringement position struck because they didn't timely respond to a contention interrogatory that sought it. I mean, whether it should be struck in that scenario just all depends on what the facts and what the record is. And I make no comment on that. But I just provide that by way of further guidance as how I think things should go here.

All right. So with all that said, the Court having resolved the Plaintiff's request, let me just ask if there's anything further I need to add by way of clarification from Plaintiff counsel's perspective, Mr. Halkowski?

MR. HALKOWSKI: No, Your Honor. Thank you.

THE COURT: All right. And from Defendant's side, Mr. Kratz?

MR. KRATZ: No, Your Honor.

37

1  It's clear.  Thank you.
2          THE COURT:  All right.  Thanks
3  so much.  I wish counsel continued health
4  and safety, and wish everyone a good day
5  and good week.  Take care.  We'll go off
6  the record.
7          ALL RESPOND:  Thank you, Your
8  Honor.
9      (Deposition concluded at 1:43 p.m.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Hawkins Reporting Service
855 Arthursville Road, Hartly, Delaware  19953
(302)658-6697 - EMAIL: DaleHRS@aol.com

38

1  State of Delaware )
                     )
2  New Castle County )
3
4
5          CERTIFICATE OF REPORTER
6
7      I, Stacy L. Vickers, Registered
8  Professional Reporter and Notary Public, do
9  hereby certify that the foregoing record is a
10 true and accurate transcript of my
11 stenographic notes taken on November 8 2021,
12 in the above-captioned matter.
13
14     IN WITNESS WHEREOF, I have hereunto set
15 my hand and seal this 10th day of November,
16 2021, at Wilmington.
17
18
19     /s/ *Stacy L. Vickers*
20     Stacy L. Vickers, RPR
21
22
23
24

Hawkins Reporting Service
855 Arthursville Road, Hartly, Delaware  19953
(302)658-6697 - EMAIL: DaleHRS@aol.com

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AZURITY PHARMACEUTICALS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 19-2100 (MSG) |
| ALKEM LABORATORIES LTD., | ) ) ) |
| Defendant. | ) |

## **[PROPOSED] ORDER**

The Court, having considered the letter briefs and submissions of the parties, the arguments and authorities of counsel, and any oral argument, hereby strikes Paragraphs 6; 31-45; 70-78; 81-113; and 137-144 from the Expert Report of Dr. Barret E. Rabinow.

Dated:_____          _____
                                                                          Hon. Christopher J. Burke
                                                                          United States Magistrate Judge